**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RONALD ROBERT EVANS, SR.,

                Petitioner,

vs.                                Case No.     3:12-cv-46-J-32MCR
                                                             3:05-cr-159-J-32MCR

UNITED STATES OF AMERICA,

                Respondent.

_____

## ORDER

       This case is before the Court on Petitioner Ronald Evans, Sr.'s Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 (Doc. 1).[1]  Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the petition.

**I. Background**

       On August 25, 2006, the jury in petitioner's criminal case returned verdicts of guilty as to fifty-six of the fifty-eight charged counts stemming from petitioner's operation of a labor camp. Crim. Doc. 704. Prior to his sentencing proceeding and again in his motion for a new trial, petitioner raised several objections, including that the Court erred by failing to give his requested special unanimity instruction on the Continuing Criminal Enterprise (CCE) charge. Doc. 13-6 at 22-26.  Petitioner also objected to the Court's drug weight findings. Id. at 36-46. Evans was ultimately sentenced to 360 months and ordered to pay a $5,450.00 special

---

[1] Citations to petitioner's criminal case file, United States of America v. Ronald Evans, Sr., 3:05-cr-159-J-32MCR, are denoted as "Crim. Doc. ___." Citations to petitioner's civil § 2255 case file, 3:12-cv-46-J-32MCR, are denoted as "Doc. ___."

assessment. Crim. Doc. 704.

Petitioner timely filed a direct appeal in which he argued, inter alia, that "[t]he District Court erroneously refused to instruct the jury (and by use of special jury verdict) that it must unanimously agree as to the elements which it found proven beyond a reasonable doubt as to the elements of the Continuing Criminal Enterprise (CCE) Charge" and that the sentence "was unconstitutional and unreasonable because [of] the U.S. v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed 2d 621 (2005) remedy of advisory guidelines sentences and the 100:1 crack to powder cocaine ratio for guidelines points tabulation." Doc. 13-1 at 48. The Eleventh Circuit rejected Petitioner's arguments, noting in particular that

> [Evans] asserts that the district court abused its discretion when it declined to instruct the jury to identify which five persons [Evans] organized or supervised while engaging in the continuing criminal enterprise. This argument is foreclosed by United States v. Moorman, 944 F.2d 801, 803 (11th Cir. 1991)(per curiam)(holding that district court is not required to instruct a jury to unanimously agree on the identity of the five persons the defendant supervised.).

Doc. 13-4 at 5. In light of intervening Supreme Court precedent, however, the Eleventh Circuit determined the Court erred in applying the guidelines by not considering the crack-powder disparity, vacated petitioner's sentence, and remanded "for the limited purpose of resentencing in light of United States v. Kimbrough, 522 U.S. ___, 128 S.Ct. 558, 169 L. Ed. 2d 481 (2007)." Doc. 13-4 at 5.

On remand, this Court sentenced petitioner to 293 months and he appealed, again asserting claims based on his Continuing Criminal Enterprise (CCE) conviction. The Eleventh Circuit noted that "[i]n our previous decision, we concluded that Evans's argument regarding the district court's refusal to give particular jury instructions was meritless. As

such, our rejection of this claim and our consequent affirming of Evans's CCE conviction constitute the law of the case–in other words, Evans cannot now challenge what has already been decided." Doc. 13-5 at 4 (citation omitted). The Court also affirmed petitioner's sentence, finding that it was both procedurally and substantively reasonable. Id. at 5.

The instant motion was filed within one year of the date his conviction became final. (See Doc. 1).  The motion is therefore timely and ripe for review.  28 U.S.C. § 2255(f)(1). The government responded (Doc. 13) and the Court permitted Petitioner to file a reply. (Doc. 21).

## II. Discussion

Petitioner raises five grounds: (1) that his trial counsel was constitutionally ineffective for impeding petitioner's right to testify in his own defense; (2) that petitioner's 293 month sentence is excessive and subject to vacatur where the Court found a quantity of 4.5 kg of cocaine and the jury's verdict reflected a finding of only 50 grams or more; (3) that there was insufficient evidence to support the jury's verdict as to the CCE count; (4) that his 293 month sentence is subject to vacatur in light of Amendment 750; and (5) that trial counsel was constitutionally ineffective for failing to challenge the drug quantity and "for failing to adequately take on appeal the sufficiency of the evidence" of the CCE conviction. Doc. 1. At the outset, the Court notes that Grounds Two and Three of petitioner's § 2255 Motion, challenging the Court's decision to hold him responsible at sentencing for 4.5 kilograms of cocaine base and challenging the sufficiency of the evidence, respectively, could have been raised on direct appeal, but were not.  See United States v. Evans, 276 F. App'x 926 (11th Cir. 2008) ("Evans I"); United States v. Evans, 395 F. App'x 617 (11th Cir. 2010) ("Evans II").

3

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004) (citing McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001)).  Claims that are ripe for direct appeal but not raised are procedurally defaulted, and may not be raised for the first time in a motion to vacate under 28 U.S.C. § 2255.  Lynn, 365 F.3d at 1234.  As Petitioner did not point to anything in Ground Two or Three to establish cause for or prejudice from procedurally defaulting on those two claims, he is procedurally barred from raising them here for the first time.

In his Reply (Doc. 21), Petitioner argues that the Court's finding holding him responsible for 4.5 kilograms of cocaine for sentencing purposes, when the jury merely found him responsible for 50 grams "or more," was inconsistent with Alleyne v. United States, 133 S. Ct. 2151 (2013).  (See Doc. 21 at 2; see also Crim. Doc. 581 at 1).  In Alleyne, the Supreme Court held that a fact that increases the mandatory minimum sentence for an offense is an "element" of the crime, and therefore must be proven to a jury beyond a reasonable doubt.   133 S. Ct. at 2162-63.  First, Alleyne does not apply retroactively on collateral review.  Jeanty v. Warden, FCI-Miami, 757 F.3d 1283, 1285-86 (11th Cir. 2014).  As Petitioner's conviction and sentence became final on January 24, 2011 once the Supreme Court denied his petition for certiorari review (See Crim. Doc. 1079), and the Supreme Court did not decide Alleyne until June 17, 2013, Alleyne has no application to Petitioner's case.  Additionally, Alleyne "did not disturb judicial fact-finding at sentencing for facts that do not impact the statutory punishment." United States v. Rivera, 558 F. App'x

4

971, 976 (11th Cir. 2014) (citing <u>Alleyne</u>, 133 S. Ct. at 2163). Therefore, because the Court's finding that Petitioner was responsible for 4.5 kilograms of cocaine only impacted his guidelines range rather than the statutory maximum or minimum penalties, Petitioner cannot invoke <u>Alleyne</u> for collateral relief.

Petitioner also raised in his Reply that his CCE conviction should be vacated because the government failed "to prove its case to the jury for the '3 predicate violations' needed for a conviction" and that the Court "failed to instruct the jury on the element of this crime that needed unanimity of the jury." (Doc. 21 at 7). However, counsel raised this issue on direct appeal, <u>see</u> <u>Brief of Appellant</u> at 28-32, <u>Evans I</u>, 276 F. App'x 926 (11th Cir. 2008) (No. 07-10622-II), 2007 WL 1833353, but the Eleventh Circuit rejected all challenges to the CCE conviction. Therefore, this contention is procedurally barred as having been rejected on direct appeal. <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000).

A. Ineffective Assistance of Counsel

Grounds One and Five allege that petitioner was deprived of the effective assistance of counsel. In Ground Five, petitioner claims that his trial counsel was constitutionally ineffective for failing to adequately challenge the drug quantity or the sufficiency of the evidence as to his CCE conviction. Ordinarily, to prevail on a claim of ineffective assistance of counsel a petitioner must show both that counsel's performance was deficient and that he suffered actual prejudice. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). As to counsel's alleged failure to challenge the drug quantity, the record reflects that trial counsel did object to the Court's calculation of the weight of cocaine base in his objections to the

Presentence Investigation Report (see Crim. Doc. 626 at 1-3) and at resentencing (see Crim. Doc. 1056 at 11-12), but appellate counsel did not raise the issue following resentencing.  However, appellate counsel's decision not to challenge the Court's finding of 4.5 kilograms at resentencing was neither deficient nor prejudicial for two reasons.  First, as the Court recounted at Petitioner's resentencing,  the government had provided evidence in Petitioner's first sentencing hearing that he was responsible for upwards of 10 kilograms of cocaine base, and at least 4.5 kilograms.  (See Crim. Doc. 1055 at 9, 11, 22; see also Crim. Doc. 1056 at 9-10, 12-17).  Petitioner does not explain in his Motion to Vacate why that drug quantity calculation was incorrect or unreliable - he merely insists that appellate counsel rendered ineffective assistance by not challenging the calculation.  Because Petitioner has pointed to nothing indicating that the drug quantity calculation was unreliable, he has not shown that contesting the drug quantity would have had any merit.  Second, the Court was authorized to find on resentencing that Petitioner was responsible for 4.5 kilograms, where that finding was consistent with the Court's prior conclusion in the first sentencing hearing that he was responsible for 10 kilograms or more.[2]  Although in Evans I the Eleventh Circuit remanded the case to this Court for resentencing in light of Kimbrough v. United States, 552 U.S. 85 (2007), the Eleventh Circuit's decision did not disturb this Court's original finding of the drug quantity.  On remand, a district court should not assert

---

[2]    The Court found Petitioner responsible for only 1.5 kilograms at his first sentencing hearing because that was the highest quantity of cocaine base considered under U.S.S.G. § 2D1.1 as of January 26, 2007, the date of the initial sentencing hearing.  Between Petitioner's initial sentencing and resentencing, an intervening change in the Guidelines, Amendment 706, increased the cocaine base quantity warranting an offense level of 38 from 1.5 kilograms to 4.5 kilograms.  Thus, even though the Court found that Petitioner was likely responsible for over 10 kilograms of cocaine base during his initial sentencing hearing (held prior to Amendment 706), it had no reason to specifically conclude that he was responsible for 4.5 kilograms at that time.

jurisdiction over matters outside the scope of a limited mandate. United States v. Davis, 329 F.3d 1250, 1252 (11th Cir.2003). "A vacation of judgment for consideration in light of a particular decision is much more limited in nature than a general vacation by an appellate court, and its effect is not to nullify all prior proceedings." Id. (quotation marks and citations omitted).  As a result, the law of the case doctrine authorized this Court, on Petitioner's resentencing in light of Kimbrough, to rely on the undisturbed drug quantity finding from the first sentencing hearing.  See United States v. Patterson, 194 F. App'x 687, 689-90 (11th Cir. 2006) (per curiam).  Accordingly, had appellate counsel argued that the Court erred in relying on drug quantity findings from the previous sentencing hearing, Petitioner would not have succeeded on that ground either.  Thus, the record refutes Petitioner's claim that trial counsel failed to challenge the drug quantity.  Moreover, appellate counsel's performance was neither deficient nor prejudicial for not challenging the drug quantity on direct appeal. See  Shere v. Sec'y, Fla. Dep't of Corr., 537 F.3d 1304, 1311 (11th Cir. 2008) (appellate counsel does not render ineffective assistance by not raising a meritless issue on direct appeal).

As to the second allegation in Ground Five, that counsel rendered ineffective assistance by not challenging the sufficiency of the evidence related to the CCE conviction, Petitioner has again failed to demonstrate prejudice.  Although trial counsel at least implicitly challenged the sufficiency of the evidence by moving for a judgment of acquittal and for a new trial (see Crim. Docs. 568, 625), it is true that appellate counsel did not specifically challenge the sufficiency of the evidence on direct appeal (though appellate counsel did challenge the CCE jury instructions).  However, Petitioner only contends that counsel was

7

ineffective for not raising the argument, but he does not point to anything showing how such a failure prejudiced him.  To the contrary, there was ample evidence, recounted extensively in the government's direct appeal brief (see Doc. 13-2 at 20-36), to support the jury's verdict, and the Eleventh Circuit has already affirmed both petitioner's CCE conviction and his sentence. Doc. 13-5.  Had appellate counsel challenged the sufficiency of the evidence, he would have had to show that no reasonable jury could have found Petitioner guilty of the CCE charge beyond a reasonable doubt.  See United States v. House, 684 F.3d 1173, 1196 (11th Cir. 2012).  However, given the strength of the evidence introduced at trial, appellate counsel could not have met that high standard.  Accordingly, Petitioner has failed to carry his burden of showing how counsel's performance prejudiced him, see Shere, 537 F.3d at 1311, and Petitioner's claim in Ground Five is due to be denied.

Petitioner also raises a claim of ineffective assistance in Ground One, alleging that his trial counsel impeded him from testifying in his own defense by providing misinformation about the effect of his testimony on the admissibility of certain impeachment evidence. "A claim involving defense counsel's advice about the defendant's right to testify is properly analyzed as a claim of ineffective assistance of counsel under Strickland . . . ." Cleckler v. United States, 410 F. App'x 279, 284 (11th Cir. 2011). Applying Strickland, the evidence in the record does not support a finding that counsel's performance fell below an objective level of reasonableness. In fact, to the contrary, it illustrates that counsel and petitioner discussed whether petitioner would testify and for strategic reasons decided he would not. See doc. 13 at 11-12 (recounting excerpts from the trial record reflecting discussions between petitioner and counsel regarding whether petitioner would testify).

Petitioner alleges that, based on discussions with counsel, he believed that evidence of his lack of truthfulness would not be heard by the jury if he did not take the stand. Doc. 1 at 5. Petitioner concedes, however, that he discussed with counsel whether to testify and why not testifying could be advantageous, and also that the Court conducted its own inquiry. Id. Moreover, petitioner does not claim that he was wholly unaware of his right to testify or that his attorney refused to allow him to testify despite his request; rather, he merely claims he "ha[d] confusion regarding Defense trial strategy" and was "misinformed" by his counsel. Id.

Even if this Court were to find deficient performance, which it does not find here, petitioner has nevertheless failed to show any actual prejudice. Though Evans does claim that he would have testified in his own defense had he known the impeachment evidence would nevertheless be heard by the jury, and further asserts that the substance of his testimony would have been that he had no agreement regarding drug transactions at his labor camp, doc. 2 at ¶ 4, such an assertion does not establish the requisite prejudice under Strickland. Rodriguez v. United States, 286 F.3d 972, 985 (7th Cir. 2002)(discussing the petitioner's claim he would have testified but for midsadvice regarding the admissibility of impeachment evidence that influenced his decision not to take the stand, and noting "[i]t is true that a defendant's testimony in his own trial is unique and inherently significant. But this presumption, standing on its own, is not enough to show prejudice under Strickland." (citation omitted)); see also Cain v. Sec'y, Fla. Dep't of Corrs., 266 F. App'x 854, 857 (11th Cir. 2008)(finding state court's conclusion that petitioner was not denied effective assistance based on counsel's advice against presenting a case was not objectively unreasonable,

noting that "whereas Cain's personal presentation of this story to the jury, as opposed to defense counsel's, would have been 'unique and inherently significant,' it would also have opened the door for the impeachment with inconsistent pretrial statements." (quoting Nichols v. Butler, 953 F.2d 1550, 1553 (11th Cir. 1992) (en banc))); Ayasta v. U.S. Attorney General, 170 F. App'x 115, 117 (11th Cir. 2006)(declining to find prejudice where "Petitioners based their ineffective assistance of counsel claim on the fact counsel dissuaded them from testifying at the hearing[,]" because "[e]ven if they had testified, based on their admittedly tenuous asylum claim, they would not have received asylum."). Moreover, "vague, conclusory, speculative or unsupported claims cannot support an ineffective assistance of counsel claim." Rosado v. Sec'y, Dept. of Corrs., 2010 WL 2976886, at *5 (M.D. Fla. July 20, 2010)(citing Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991)). Petitioner Evans's claim is of this variety.

Evans pleaded not guilty, went to trial, and put the government to its burden, acts that by their very nature demonstrate that Petitioner denied or disputed the charges against him. That he would have explicitly professed his innocence – despite also conceding in his affidavit that he knew of the drug activity at his camp – is not enough to undermine confidence in the jury's verdict. He also fails to show why, had he testified, the jury would have found his testimony more credible than that of other witnesses, or how his testimony somehow negates the multitude of other evidence put forth by the government during his trial.

Petitioner's decision not to testify was both counseled and strategic, and his attorney's performance does not amount to ineffective assistance merely because Petitioner

is unhappy with the outcome. <u>See</u> <u>Acosta v. United States</u>, 756 F. Supp. 2d 578, 580 (S.D.N.Y. 2010)("Although Acosta may be unhappy with the appellate result it does not constitute a sufficient ground to support a claim of ineffective assistance of counsel."); <u>Combs v. United States</u>, 2011 WL 1256686, at *3 (E.D.Mich. Mar. 31, 2011)("Being unhappy with the outcome is not, in itself, grounds for an ineffective assistance of counsel claim."); <u>Kim v. United States</u>, 2006 WL 891173, at *3 (D.N.J. Apr. 4, 2006)("That his client now appears unhappy with the result does nothing to change the fact that there is not the slightest indication that petitioner received ineffective assistance of counsel."). Accordingly, this claim must also be denied.

B. Amendment 750

Finally, in Ground Four petitioner argues that he is eligible for a sentence reduction pursuant to Amendment 750, which he claims reduced his applicable guidelines range from 292-365 months, entitling him to at least a one-month reduction. This ground should have been raised in a motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). Accordingly, the Court will dismiss without prejudice petitioner's claim in Ground Four so he may file a motion for relief under § 3582(c)(2) if he so chooses. <u>See</u> <u>United States v. Delgado</u>, 2012 WL 1932684, at *4 (D.S.C. May 29, 2012)(dismissing without prejudice § 2255 petitioner's Amendment 750 claim, finding a motion pursuant to 18 U.S.C. § 3582(c)(2) was the proper vehicle to raise that claim).

**III. Conclusion**

Petitioner Ronald Evans, Sr.'s Amendment 750 claim is not properly before the Court

11

in a § 2255 motion and his remaining claims are either procedurally barred or meritless.  He

is not entitled to relief.

Accordingly, it is hereby

**ORDERED:**

1.   Ground Four in Petitioner Ronald Evans's §2255 Motion to Vacate, Set Aside

Sentence, or Correct Sentence (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to

petitioner's right to file a motion for reduction of sentence pursuant to 18 U.S.C. §

3582(c)(2).

2. Grounds Two and Three of petitioner's §2255 Motion are procedurally barred and

**DISMISSED WITH PREJUDICE.**

3. Petitioner's Ineffective Assistance of Counsel claims raised in Grounds One and

Five are **DENIED**.

4.   The Clerk is directed to close the file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of

appealability.  A prisoner seeking a motion to vacate has no absolute entitlement to appeal

a district court's denial of his motion.  28 U.S.C. § 2253(c)(l).  Rather, a district court must

first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the

applicant has made a substantial showing of the denial of a constitutional right."  Id. at §

2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong,"

Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Petitioner has not made the requisite showing in these circumstances.   Because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

   **DONE AND ORDERED** at Jacksonville, Florida this 2nd day of February, 2015.


TIMOTHY J. CORRIGAN
United States District Judge


ab.
Copies:
Counsel of Record
pro se party

13